PROB 12C
(6/16)

Report Date: June 17, 2019

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2019

SEAN F. McAVOY, CLERK

Name of Offender: Jacob Wayne Lee Stocking          Case Number: 0980 4:19CR06032-SMJ-1

Address of Offender:                    Connell, Washington 99326

Name of Sentencing Judicial Officer: The Honorable Dale A. Kimball, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: June 16, 2016

| | | |
|---|---|---|
| Original Offense: | Ct. 1: Securities Fraud, 15 U.S.C. § 78j(b), 15 U.S.C. § 78ff and 17 C.F.R. § 240.1Ob-5 | |
| Original Sentence: | Prison - 45 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Richard C. Burson | Date Supervision Commenced: December 21, 2018 |
| Defense Attorney: | Scott W. Johnson | Date Supervision Expires: December 20, 2021 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Special Condition # 15**: The defendant shall not be involved in gambling or enter any casinos without the approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by entering into, and staying at, the Cosmopolitan Casino Resort in Las Vegas, Nevada, from March 10 to 11, 2019, without permission of his U.S. Probation Officer.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to enter any casinos.

The offender had been approved to travel to Las Vegas to meet with his attorney regarding an on going case in Las Vegas District Court. The case involved the theft of $77,000, under case number C-19-338728-1. The offender had advised he was going to stay at the La Quinta Inn and Suites located at 3970 Paradise in Las Vegas.

On May 22, 2019, information was received indicating the offender had stayed at the Cosmopolitan Casino Resort in Las Vegas, Nevada. When the offender reported to the

probation office on June 4, 2019, he was requested to sign a release of information so all information could be obtained from the Cosmopolitan Casino Resort. The offender was advised information had already been obtained from the Palms Casino Resort indicating he had stayed there on a previous trip to Las Vegas. The offender admitted to staying at the Cosmopolitan Casino Resort. The information was obtained on June 13, 2019, and it noted the offender contacted the Cosmopolitan Casino Resort in Las Vegas, Nevada, on March 10, 2019, and was able to obtain a room at no cost to him due to his past gambling status.

2    **Special Condition # 15**: The defendant shall not be involved in gambling or enter any casinos without the approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by gambling at the Cosmopolitan Casino Resort in Las Vegas, Nevada, from March 9 to 11, 2019, without prior approval from the U.S. Probation Office.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to be involved in gambling without permission of the U.S. Probation Officer.

On June 4, 2019, the offender reported to the probation office where he was confronted about gambling at the Cosmopolitan Casino Resort. He admitted to gambling and stated he had taken $9,000 to gamble with. When asked where he obtained the money, he stated he had friends who trust him to gamble with their money. It was later determined the offender had obtained the money from an individual he had served prison time with while in the custody of the Bureau of Prisons.

On June 13, 2019, information was obtained from the Cosmopolitan Casino Resort regarding the offender's gambling and other expenditures while at their resort. The offender had provided them with a copy of his Washington State drivers license to update his information with the casino. From March 9 to 11, 2019, the offender gambled a total of $43,200 on six separate sessions of play. The offender also spent $1,501 at the Cosmopolitan Casino Resort nightclub and $195 at their Spa.

3    **Special Condition # 15**: The defendant shall not be involved in gambling or enter any casinos without the approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by entering into, and staying at, the Palms Casino Resort in Las Vegas, Nevada, from May 17 to 20, 2019, without permission of his U.S. Probation Officer.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to enter any casinos.

On May 17, 2019, the offender obtained three rooms at the Palms Casino Resort in Las Vegas, Nevada. The Hotel Stay Inquiry noted the offender obtained room number 32217, from May 17 to 20, 2019; room 2215, from May 17 to 19, 2019; and room 32226, from May 18 to 20, 2019. It also noted the defendant's Loyalty Account Number, 8990182, with his name and date of birth.

Prob12C
Re: Stocking, Jacob Wayne Lee
June 17, 2019
Page 3

The offender had been approved to travel to Las Vegas from May 17 to 21, 2019, to meet with his attorney and change his plea in Las Vegas District Court under case number C-19-338728-1, regarding the theft of $77,000 from two casinos. The offender had advised he was going to stay at the La Quinta Inn and Suites located at 3970 Paradise in Las Vegas.

On June 4, 2019, the offender reported to the probation office in Richland. During the contact the offender was questioned about where he had stayed during his May trip to Las Vegas. He initially noted he had stayed at the same place as he had previously stayed, referencing the La Quinta Inn and Suites. He later admitted he stayed at the Palms Casino Resort, but added he did not know he could not stay at a casino. When asked how many rooms he had obtained, he indicated he was not the one who paid for the room. After being asked several times how many rooms were in his name, he admitted there were three. He continued to state the rooms were paid for by another person. According to records from the Palms Casino Resort, the rooms were initially "comped" to the offender due to his past gambling rating.

On June 5, 2019, additional information was received stating once the offender checked out of the Palms Casino Resort it was determined he had not played enough money to justify "comping" him the rooms, so the rooms were billed to a credit card in another individual's name. The offender then contacted the Palms Casino Resort and asked to have the bill pulled back and re-billed to another person's credit card. The offender provided a photo of the credit card. As the credit card was not in the offender's name, the request was denied. A copy of the credit card photo was obtained and the name on the card was an individual in Utah the offender had stayed with during his trips to Las Vegas. The offender's attempts to change the billing was done the day after we had met and spoken about the rooms at the Palms Casino Resort. The individual named on the card was not at the Palms Casino Resort during the May 17 to 20, 2019, time span.

4          **Special Condition # 15**: The defendant shall not be involved in gambling or enter any casinos without the approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by gambling at the Palms Casino Resort in Las Vegas, Nevada from May 17 to 20, 2019, without prior approval.

On December 26, 2018, The offender signed his Judgement in a Criminal Case noting he understood he was not to be involved in gambling without permission of the U.S. Probation Officer.

On May 17, 2019, the offender completed a Front Money/Safekeeping Application with the Palms Casino Resort in Las Vegas, Nevada. This application would allow the offender to give the casino $16,000 of his own funds to hold for his gambling. Along with the application, the offender provided a copy of his Washington State drivers license. The offender listed his address on the application as 629 North Preserve Drive in Vineyard, Utah, and not his current address in Connell, Washington. The casino held the offender's $16,000 as requested.

Prob12C
**Re: Stocking, Jacob Wayne Lee**
**June 17, 2019**
**Page 4**

According to the Station Casino Guest Rating Detail which notes the offender's Loyalty Account Number as 8990182, the offender gambled three times on May 17, 2019, four times on May 18, 2019, and once on May 20, 2019. The offender lost a total of $13,400. In addition to the $16,000 the offender placed in his account, the offender used $700 in cash to start his gambling on May 17, 2019.

On June 4, 2019, the offender reported to the probation office in Richland. During the contact, the offender was questioned about gambling. The offender admitted to gambling at the Palms Casino Resort between May 17 and 20, 2019. When asked where he obtained the money, he stated he had friends who trust him to gamble with their money. It was later determined the offender had obtained the money from an individual he had served prison time with while in the custody of the Bureau of Prisons.

5     **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by providing false information to his probation officer on or prior to February 25, 2019, and May 6, 2019.

On December 26, 2018, The offender signed his Judgement in a Criminal Case noting he understood he was to answer truthfully all inquiries by his probation officer.

On February 25, 2019, the offender was contacted by phone about his plans for going to Las Vegas, Nevada, for court. He was approved to travel from March 9 to 11, 2019. The offender had planned to stay at the La Quinta Inn and Suites in Las Vegas.

On May 6, 2019, the offender reported to the probation office and advised of his upcoming change of plea in Las Vegas, Nevada, on May 21, 2019. The offender was approved to travel to Las Vegas May 17 to 21, 2019, to meet with his attorney and attend court. When asked what his plans were for lodging, the defendant noted it would be the same as the last time he attended court in Las Vegas in March. The defendant had provided the La Quinta Inn and Suites located at 3970 Paradise in Las Vegas when he last attended court.

As noted within Violation #1 and Violation #3, the offender obtained and stayed in a room at the Cosmopolitan between March 10 and 11, 2019, and three rooms at the Palms Casino Resort in Las Vegas from May 17 to 20, 2019, instead of staying at the La Quinta Inn and Suites.

6     **Special Condition #8**: The defendant shall maintain not more than one personal and/or business checking/savings account and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by opening a financial account with the Palms Casino Resort, on or prior to May 17, 2019.

Prob12C
Re: Stocking, Jacob Wayne Lee
June 17, 2019
Page 5

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to open any financial accounts without prior approval from his probation officer.

On May 17, 2019, the offender filled out the Front Money/Safe Keeping Application with the Palms Casino Resort in Las Vegas, Nevada. The account was set up to allow the offender to deposit funds into and then use the funds to gamble on. This account must first be approved and set up through the application process.

On June 14, 2019, contact was made with the Palms Casino Resort and it was confirmed the offender's account can be used to deposit funds, remove funds, and request a line of credit. The offender can leave funds in the account as needed. The offender deposited $16,000 into the account on May 17, 2019.

The offender did not receive approval to open, or maintain, any financial accounts with the Palms Casino Resort.

7    **Special Condition # 9**: The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the U.S. Probation Office.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by conveying $16,700 in cash to the Palms Casino Resort in Las Vegas, Nevada, on or prior to May 17, 2019.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the U.S. Probation Office.

On May 17, 2019, at 3:52 p.m., the offender provided the Palms Casino Resort in Las Vegas, Nevada, with $700 cash to gamble. The offender had not received approval to provide the funds to the Palms Casino Resort.

On May 17, 2019, at 4:14 p.m., the offender provided the Palms Casino Resort in Las Vegas, Nevada, with $16,000 cash to gamble. The offender had not received approval to provide the funds to the Palms Casino Resort.

8    **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by associating with Daniel Dusek, a convicted felon, on or prior to May 17, 2019.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to have contact with convicted felons unless he obtained permission from his probation officer first.

On June 4, 2019, the offender reported to the probation office and was confronted with information pertaining to his trips to Las Vegas, and the alleged gambling. When questioned about where he obtained the money from, the offender stated he had friends who gave him money to gamble on. The offender was asked to write a list of who provided him with money and how much they provided. The offender listed Daniel Dusek. When asked how he knew Mr. Dusek, the offender stated they had participated in the Bureau of Prisons Residential drug Abuse Program (RDAP) together. When asked what Mr. Dusek was in custody for, he admitted it was a financial crime.

On June 5, 2019, contact was made with the Bureau of Prisons and it was confirmed both the offender and Mr. Dusek had been in the same facility and in RDAP at the same time. Contact was then made with the United States Probation Office in Portland, Oregon. They confirmed Mr. Dusek was currently under supervision and a conference call was set up between Mr. Dusek, his supervising officer, and the undersigned officer. During the conversation, Mr. Dusek confirmed he had participated in RDAP with the offender and they had worked jobs together while in custody. When asked if he had provided the offender with any funds, he confirmed he had and estimated the total amount to be $25,000. Mr. Dusek stated he had provided $16,000 for the offender to gamble, and an additional $9,000 for an on-line gambling site they were trying to start. He explained the offender was currently writing code to get the site up and running and he was doing research pertaining to legal on-line gambling. He also added he had golfed in Hood River, Oregon, with the offender in April 2019, and in Stevens, Washington, in May 2019.

The offender has not received permission to have contact with Mr. Dusek.

| | |
|---|---|
| 9 | **Standard Condition #3:** The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the Probation officer. |

**Supporting Evidence:** The offender is considered to be in violation of his conditions of supervised release by making false statements on his June 4, 2019, monthly supervision report.

On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was to answer truthfully all inquiries by the probation officer.

On June 4, 2019, the offender reported to the probation office and filled out his required monthly supervision report to account for the month of May. Part D of the supervision report asks the offender about his finances over the past month. One of the inquiries asks the offender to, "List all expenditures over $500 ( including e.g. goods, services, or gambling losses). The offender left this section blank, indicating he had no gambling losses. As noted within Violation #2, the offender lost $13,400 at the Palms Casino Resort in Las Vegas, Nevada, during the period of May 17 to 20, 2019. The monthly report clearly notes, "Warning: Any false statements may result in revocation of probation, supervised release, or parole in addition to 5 years imprisonment, a $250,000 fine or both." The offender signed the monthly report under a secondary warning which states, "I certify that all information furnished is complete and correct."

Prob12C
**Re: Stocking, Jacob Wayne Lee**
**June 17, 2019**
**Page 7**

| | | |
|---|---|---|
| 10 | | **Standard Condition#1:** The defendant shall not leave the judicial district without the permission of the court or probation officer. |

        **Supporting Evidence:** The offender is considered to be in violation of his conditions of supervised release by leaving the Eastern District of Washington without prior approval in April and May 2019.

        On December 26, 2018, the offender signed his Judgement in a Criminal Case noting he understood he was not to leave the Eastern District of Washington without prior approval. The offender made a handwritten note on his judgement indicating "Map" which is in reference to a printed map of the Eastern District of Washington, which was provided to him during the intake.

        As noted within Violation #8, Mr. Dusek stated he had traveled to Hood River, Oregon, and Stevens, Washington, to play golf with the offender. This information was brought to the offender's attention during an office visit on June 13, 2019. He admitted to playing golf in both Hood River, Oregon, and Stevens, Washington in April and May of 2019, and that he did not have permission to travel outside of the Eastern District of Washington.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 17, 2019

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

6/18/2019
Date